IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RENE FLORES AND § | |
| DOMINGA FLORES § | |
| Plaintiffs § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | JURY DEMANDED |
| WELLINGTON INSURANCE § | |
| COMPANY § | |
| Defendant § | |

## INTERVENOR COMPANION COMMERCIAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant/Intervenor Companion Commercial Insurance Company, in Cause No. C-5050-15-H pending in the 389th Judicial District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On or about October 8, 2015, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Rene Flores and Dominga Flores v. Wellington Insurance Company,* Cause No. C-5050-15-H, in the 389th Judicial District Court, Hidalgo County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance

1

policy. Defendant Wellington Insurance Company, however, did not issue the Plaintiffs' policy and has no relationship to Plaintiffs' claims. Rather, Companion Commercial Insurance Company, a foreign entity with its principal place of business in South Carolina, issued Plaintiffs' policy.

1.2     Plaintiffs served Defendant Wellington Insurance Company, with their Original Petition and process on October 21, 2015.

1.3     Defendant Wellington Insurance Company filed a Verified Denial on November 9, 2015 stating that it did not issue Plaintiffs' homeowner's insurance policy.

1.4     Contemporaneous with this Notice, Companion Commercial Insurance Company filed an intervention in Cause No. C-5050-15-H, in the 389th Judicial District Court, Hidalgo County, Texas, on the basis that it, and not Wellington Insurance Company, issued Plaintiffs' homeowner's insurance policy.

1.5     Simultaneously with filing of this Notice of Removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders. Attached hereto as Exhibit "C" is the Designation of Counsel. Attached hereto as Exhibit "D" is Defendant Wellington Insurance Company's Consent to Removal. Attached hereto as Exhibit "E" is a copy of the Declarations Page from Plaintiffs' insurance policy, issued by Companion Commercial Insurance Company. Attached hereto as Exhibit "E-1" is the verification of the Declarations page.

## II.
## BASIS FOR REMOVAL

2.1    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2    Plaintiffs are, and were at the time the lawsuit was filed, residents of the State of Texas.  *See* Plaintiffs' Original Petition, at 1.

2.3    Defendant/Intervenor Companion Commercial Insurance Company ("Companion") is incorporated, and has its principal place of business in South Carolina.  Accordingly, Companion is a citizen of the State of South Carolina.

2.4    Defendant Wellington Insurance Company ("Wellington"), although not a proper party to this lawsuit, is a citizen of the State of Texas.

### A. Defendant Wellington Insurance Company, Has Been Improperly and/or Fraudulently Joined in this Lawsuit.

2.5    With respect to the claims against Defendant Wellington, it is Companion's position that Defendant Wellington has been fraudulently and/or improperly joined in this action.

2.6    Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  The

3

Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim, or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at * 1 (S.D. Tex. Oct. 27, 2009).

2.7   Here, there is no possibility of recovery by Plaintiffs against Wellington. All of Plaintiffs' claims depend on Wellington having issued Plaintiffs' homeowner's policy. *See* Plaintiffs' Original Petition, pp. 2-9, ¶¶ 7-42. Because Wellington did not issue their policy and did not participate in the handling of Plaintiffs' claim, Plaintiffs have no possibility of recovery against Wellington as a matter of law. *See* Exhibit B, Wellington's Verified Denial; Exhibit E-1, Plaintiffs' Policy Declarations page; *Goode v. Nationwide Mutual Ins. Co*., No. 3:96-CV-2631-D, 1997 WL 75237, at *1-3 (N.D. Tex. Feb. 13, 1997) (dismissing a case after the plaintiff named the wrong insurance company).

2.8   Plaintiffs' claims include breach of contract, unfair settlement practices under Chapter 541 of the Texas Insurance Code, violations of the Prompt Payment Act under Chapter 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *See* Plaintiffs' Original Petition, pp. 5-7, ¶¶ 23-34. Each of these claims is premised on the allegation that Defendant Wellington was Plaintiffs' insurer and issued their homeowner's policy. Because Wellington did not issue their policy, had no involvement in their claim, and has no relationship whatsoever with Plaintiffs, there is no possibility of recovery by Plaintiffs against Defendant Wellington. *See* Exhibit B,

Wellington's Verified Denial.  Accordingly, Defendant Wellington has been improperly joined in this lawsuit.

2.9     Because Companion, a foreign entity, is the only proper defendant in this action, there is complete diversity.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.12    The amount in controversy is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. §1332; *see also White v. FCI USA*, 319 F. 3d 672, 674 (5th Cir. 2003).  A plaintiff's written demand letter also constitutes evidence of the amount in controversy. *Liberty Surplus Ins. Corp. v. Slick Willie's of America*, 2007 WL 1795860 (S.D. Tex. 2007); *see also King v. Ameriprise Fin. Svcs., Inc.*, 2009 WL 1767641, *3-4 (S.D. Tex. 2009); *Cronin v. State Farm Lloyds*, 2008 WL 4649653, *3 (S.D. Tex. 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy").

2.13    Here, Plaintiffs seek recovery of actual damages, treble damages under the Insurance Code, punitive damages, attorney's fees, costs of court, and prejudgment and post-judgment interest. *See* Plaintiffs' Original Petition, p. 10, Conclusion & Prayer.  According to Plaintiffs' Original Petition, they claim damages less than $100,000.  *See* Plaintiffs' Original Petition, p. 2, ¶ 4.  Thus, Plaintiffs are seeking damages in excess of the jurisdictional minimum of $75,000.  *See Hunting v. BASF Corp.,* No. 4:08-CV-03651, 2009 WL 7799499 at * 2 (S.D. Tex. Mar. 30, 2009).

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Wellington was first served with Plaintiffs' Original Petition and process on October 21, 2015.  Companion filed its intervention contemporaneous with this Notice of Removal.  This case was not removable until Companion appeared as a foreign party.  Intervenor Companion Commercial Insurance Company files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Defendant Wellington has consented to removal.  *See* Exhibit "D".  Regardless, consent is not required because Defendant Wellington has been fraudulently joined solely to defeat diversity jurisdiction.  *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

3.3     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. § 1446(d), promptly after Companion Commercial Insurance Company files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.5     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Companion Commercial Insurance Company files this Notice.

## IV.
## **CONCLUSION**

4.1 Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant/Intervenor Companion Commercial Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:    /s/ Thomas F. Nye

Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANT WELLINGTON INSURANCE COMPANY AND INTERVENOR COMPANION COMMERCIAL INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 4200
Edinburg, Texas 78540
Telephone: (956) 618-0628
Fax: (956) 618-0670

I. Cecilia Garza
State Bar No. 24041627
Southern Dist. No. 578825
cgarza@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on November 16, 2015, a copy of Defendant/Intervenor Companion Commercial Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Rene Flores and Dominga Flores:

*Attorneys for Plaintiffs*
Timothy M. Hoch
Hoch Law Firm, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
**VIA CM/RRR: #7012 2920 0001 5084 7787**

                                        /s/ Thomas F. Nye