C-5050-15-H
389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

---

## CITATION

---

## THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**WELLINGTON INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**211 E. 7TH STREET, STE. 620**
**AUSTIN, TEXAS 78701-3218**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 389th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 8th day of October, 2015 and a copy of same accompanies this citation. The file number and style of said suit being, **C-5050-15-H, RENE FLORES AND DOMINGA FLORES V. WELLINGTON INSURANCE COMPANY**

Said Petition was filed in said court by Attorney, TIMOTHY M. HOCH 5616 MALVEYAVENUE FORT WORTH, TEXAS 76107.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 15th day of October, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**CLAUDIA I. RODRIGUEZ DEPUTY CLERK**

DATE 11/2/15

A true copy Icertify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#8

**EXHIBIT**
B

CERTIFIED MAIL  7015 1730 0000 9342 2446

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 15th day of October, 2015 I, Claudia I. Rodriguez, Deputy Clerk of the 389th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-5050-15-H, RENEE FLORES, DOMINGA FLORES  VS. WELLINGTON INSURANCE COMPANY a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 15th day of October, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**CLAUDIA I. RODRIGUEZ, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My  name  is  _____,  my  date  of  birth  is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. **C-5050-15-H**

| | | |
|---|---|---|
| RENE FLORES and DOMINGA FLORES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | HIDALGO COUNTY, TEXAS |
| WELLINGTON INSURANCE COMPANY, | § § § | ____ JUDICIAL DISTRICT |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RENE FLORES AND DOMINGA FLORES ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of WELLINGTON INSURANCE COMPANY ("Wellington" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.      Plaintiff Rene Flores and Dominga Flores are individuals and residents of 1304 Platinum Street, Penitas, Texas 78576.

Defendant WELLINGTON INSURANCE COMPANY is a Texas domiciled insurance company engaging in the business of insurance with a principal place of business in the State of

DATE _____

A true copy I certify
LAURA HINOJOSA
District Clerk Hidalgo County, Texas
By_____ Deputy#B

C-5050-15-H

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Texas. This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure as follows: **Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701-3218.**

### III.
### JURISDICTION & VENUE

3.      The Court has subject matter jurisdiction over this cause, because the amount in controversy is within the jurisdictional limits of the Court.

4.      Plaintiffs sue for monetary relief less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. The damages sought are within the jurisdictional limits of the Court.

5.      The Court has jurisdiction over Defendant Wellington Insurance Company, because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

6.      Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### IV.
### FACTS

7.      Plaintiffs are the owners of a Texas Property's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Wellington Insurance Company.

8.      Plaintiffs own the insured property, which is specifically located at 1304 Platinum Street, Penitas, in Hidalgo County, Texas, (hereinafter referred to as "the Property").

9.      Wellington Insurance Company sold the Policy insuring the Property to Plaintiffs.

2

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

10.     In April of 2012, a wind and hail storm caused damages to Plaintiffs' home. Immediately after the incident, Plaintiffs filed a claim with their insurance company, Wellington Insurance Company, for the damages to their home caused by the wind and hail storm.

11.     Plaintiffs asked that Wellington Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to repair and/or replacement of the affected areas.

12.     Defendant's adjusters were inadequately trained and failed to thoroughly investigate the damages. Defendant's estimates resulted in Plaintiffs' claims for damages being denied. This caused a delay in Plaintiffs' ability to repair their property and put them at risk of incurring further problems.

13.     Defendant set about to deny properly covered damages. As a result of Defendant's unreasonable investigation of Plaintiffs' claims, including not providing full coverage for the damages sustained by Plaintiffs and thus denying adequate and sufficient payment to Plaintiffs to repair their property, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their property, which has resulted in additional damages.

14.     As detailed in the paragraphs below, Wellington Insurance Company wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

15.     Defendant Wellington Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

3

C-5050-15-H

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

the Policy had been carried out and accomplished by Plaintiffs. Wellington Insurance Company's conduct constitutes a breach of the insurance contract between Wellington Insurance Company and Plaintiffs.

16.    Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

17.    Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

18.    Defendant failed to deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

19.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

20.    From and after the time Plaintiffs' claim was presented to Defendant Wellington Insurance Company, the liability of Wellington Insurance Company to pay the full claim in

4

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

accordance with the terms of the Policy was reasonably clear. However, Wellington Insurance Company has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Wellington Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21.     As a result of Defendant's wrongful acts and/or omissions, Plaintiffs were forced to retain the professional services of Hoch Law Firm to represent them with respect to these causes of action.

22.     Plaintiffs' experience is not an isolated case. The acts and/or omissions Wellington Insurance Company committed in this case, or similar acts and/or omissions, occur with such frequency that they constitute a general business practice of Wellington Insurance Company with regard to handling these types of claims. Wellington Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## V.
## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST STATE FARM

23.     Defendant Wellington Insurance Company is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

24.     Defendant Wellington Insurance Company's conduct constitutes a breach of the insurance contract made between Wellington Insurance Company and Plaintiffs.

25.     Defendant Wellington Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in

5

C-5050-15-H

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

question, and under the laws of the State of Texas, constitutes a breach of Wellington Insurance Company's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

26.      Defendant Wellington Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

27.      Defendant Wellington Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

28.      Defendant Wellington Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Wellington Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

29.      Defendant Wellington Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

30.      Defendant Wellington Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

31. Defendant Wellington Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

32. Defendant Wellington Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33. Defendant Wellington Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

34. Defendant Wellington Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Wellington Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

35. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a proximate cause of Plaintiffs' damages described herein.

7

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

VI.
DAMAGES

36.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute a proximate cause of the damages sustained by Plaintiffs.

37.     As previously mentioned, the damages caused by the storm have not been properly addressed or repaired, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

38.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

39.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

40.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE § 542.060.

41.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

42.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are attached to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VII.
## JURY DEMAND

43.     Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.

## VIII.
## TEXAS RULES OF CIVIL PROCEDURE 47(C) STATEMENT REQUIREMENT

44.     At this time, Plaintiffs cannot assess accurately a definite limit to the damages they have sustained or will sustain in the future as a result of Defendant's acts.  Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the damages.  In view of these circumstances, Plaintiffs do not wish to impose any limit on what they may present to the jury or what the jury may consider as a range of damages in this case; however, they makes the following representation in compliance with TEX. R. CIV. P. 47(c) to aid in the efficient court administration.  Plaintiff believes that the most reasonable option afforded under TEX. R. CIV. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief of less than $100,000.00, exclusive of interest and costs, which is the only option that does not require Plaintiffs to select a speculative, arbitrary cap on his damages.  Plaintiffs reserves the right to modify or adjust this statement, as the litigation progresses and additional evidence is compiled.  Regardless of what Plaintiffs must state for administrative purposes as the amount of damages they seek pursuant to TEX. R. CIV. P. 47(c), they desire to leave the final determination

9

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted.

/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile
tim@hochlawfirm.com

10

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ᵀᴴ JUDICIAL DISTRICT COURT |

### STANDING PRETRIAL ORDER CONCERNING
### HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 205th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.   This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.   Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.   Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.   Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

C-5050-15-H

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.   Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.   Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

**C-5050-15-H**

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G. Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H. The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I. Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J. The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this _____ day of _____, 2013.

93rd District Court, Judge Rudy Delgado

139th District Court, Judge Roberto Flores

206th District Court, Judge Rosa Guerra Reyna

275th District Court, Judge Juan Partida

332nd District Court, Judge Mario E. Ramirez, Jr.

370th District Court, Judge Noe Gonzalez

389th District Court, Judge Letty Lopez

430th District Court, Judge Israel Ramón, Jr.

*(signatures continued on next page)*

C-5050-15-H

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

Electronically Filed
10/8/2015 11:33:33 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-5050-15-H

## MEDIATION ORDER

This case is hereby ORDERED to mediation by no later than _____,
2009. The parties have suggested the Court appoint the following mediator, and pursuant to such
agreement, the Court hereby appoints _____.

An attorney of record is ORDERED to attend for each party. All individual parties, either
Plaintiff or Defendant, are ORDERED to attend; except that Individual Defendant Adjusters and
Insurer Employee Defendants are not ordered to attend, but a representative with full authority to
negotiate and settle their case on their behalf is ORDERED to attend. A representative of each non-
individual party is ORDERED to attend unless the parties agree otherwise. Each party or party
representative so attending must be vested with the authority to enter into a final settlement agreement.
If there is insurance, a person who has full authority to decide whether insurance payments will be made
must attend.

The parties are further ORDERED to BE PREPARED IN ADVANCE for the mediation. The
parties must comply with the document production requirements as set forth in the Standing Case
Management Order and in the manner prescribed by the Standing Case Management Order.

Counsel shall negotiate openly and knowledgeable; failure to negotiate in good faith, may be
treated as contempt. All individuals ordered to attend must remain in attendance until the mediator
declares the mediation concluded, subject only to recess as declared by the mediator. Failure to appear
or to remain without timely seeking relief may be sanctioned as contempt. All settlement discussions
shall be subject to Texas Rule of Evidence 408 and Tex. Civ. Prac. & Rem. Code 154.073.

Signed this _____ day of _____, 20___.


_____
Judge Presiding

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **RENE FLORES AND** | § | |
| **DOMINGA FLORES** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **WELLINGTON** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant** | § | |

## VERIFICATION

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Thomas F. Nye, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Thomas F. Nye. I am one of the Attorneys of Record for Defendant/Intervenor Companion Commercial Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Wellington Insurance Company's Original Answer filed with the Hidalgo County District Clerk in Cause No. C-5050-15-H on November 16, 2015. Attached hereto as 'Exhibit 2' is a true and correct copy of Defendant Companion Commercial Insurance Company's Original Petition in Intervention filed with the Hidalgo

County District Clerk in Cause No. C-5050-15-H on November 16, 2015.  These factual

statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.



Thomas F. Nye


SUBSCRIBED AND SWORN TO BEFORE ME by Thomas F. Nye on this the

16th of November, 2015 to certify which witness my hand and official seal.

NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

Notary Public, in and for the

State of Texas

CAUSE NO. C-5050-15-H

| | | |
|---|---|---|
| RENE FLORES AND DOMINGA FLORES | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 389th JUDICIAL DISTRICT |
| WELLINGTON INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT WELLINGTON INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WELLINGTON INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its original answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

      a.      that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

      b.      that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.



EXHIBIT
1

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a).  This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code.  TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.      In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code.  Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005).  Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice.  TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.      Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.      Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

5.

Pursuant to Tex.R.Civ.P. 93, Defendant Wellington Insurance Company denies that it issued an insurance policy for the house or the loss set out in the Plaintiff's petition.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

Requests for Disclosure

At the time required by law or the Rules, these Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
        Thomas F. Nye
        State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant, Wellington
Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 16th day of November, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Timothy M. Hoch
Hoch Law Firm, P.C.
Email:  tim@hochlawfirm.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye

## VERIFICATION OF R. TRAVIS MILLER

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Wellington Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B and 5 of Defendant's Original Answer and it is true and correct."

Further affiant sayeth not.

R. Travis Miller, Authorized Agent for
Wellington Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 3th day of November, 2015, to witness my hand and official seal of office.

SUSAN STONE
Notary Public, State of Texas
My Commission Expires
May 08, 2017

Notary Public in and for
the State of Texas

CAUSE NO. C-5050-15-H

| | |
|---|---|
| RENE FLORES AND DOMINGA FLORES § | IN THE DISTRICT COURT |
| § | |
| VS. § | |
| § | 389th JUDICIAL DISTRICT |
| § | |
| WELLINGTON INSURANCE COMPANY § | HIDALGO COUNTY, TEXAS |

## COMPANION COMMERCIAL INSURANCE COMPANY'S
## ORIGINAL PETITION IN INTERVENTION AND PLEA IN ABATEMENT

Intervenor,   COMPANION   COMMERCIAL   INSURANCE   COMPANY
("Companion"), files this petition in intervention and plea in abatement as a party-defendant.

I.

Companion is an insurance company that is incorporated and has its principal place of business in South Carolina. Accordingly, Companion is a citizen of the State of South Carolina. Companion conducts business, including the issuance of homeowners insurance policies, in Hidalgo County, Texas.

II.

Plaintiffs, Rene Flores and Dominga Flores, reside in Hidalgo County, Texas. A copy of this petition will be forwarded to Mr. Timothy Hoch, attorney of record for Plaintiffs, via e-filing, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

III.

Defendant, Wellington Insurance Company ("Wellington"), a Texas Corporation, has appeared and answered. Wellington is represented by the undersigned.

IV.

On October 8, 2015, Plaintiffs sued Wellington for breach of the insurance contract made between Wellington Insurance Company and Plaintiff's, and other grounds related to an insurance claim made by

**EXHIBIT**

2

Plaintiffs. Wellington filed an answer asserting, among other things, that Wellington did not issue an insurance policy covering Plaintiffs' property at the time of the incident in question.

### Intervenor's Defenses

#### V.

Plaintiffs allege that Wellington issued a policy covering Plaintiffs' property at the time of the incident made the basis of this lawsuit. However, Wellington did not issue a policy for Plaintiffs' property. The insurance policy in effect at the time of the incident made the basis of this lawsuit was issued by Companion.

#### VI.

Accordingly, Wellington is an improper party to the lawsuit. The proper Defendant should be Companion Commercial Insurance Company. Because Companion has a present justiciable interest in the subject matter of this suit—i.e, defense of the Plaintiffs' claims associated with the policy—it has standing to assert this Plea in Intervention.

#### VII.

Intervenor denies each and every material allegation contained in Plaintiffs' Petition, and says that the same are not true, in whole or in part, and demands strict proof thereof.

#### VIII.

Pleading further, Intervenor asserts that it is entitled to a reduction, an offset, or a bar to any recovery by Plaintiffs as set out in Section 33.001 et seq. of the Texas Civil Practice and Remedies Code and other contribution and indemnity plans under the laws of the State of Texas.

2

IX.

Pleading further and without waiver of the above, Intervenor denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Intervenor denies that the following has occurred:

a.   that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

b.   that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

X.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs includes a specific "Appraisal" clause, which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against the insurance company. The insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented the insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. The insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. The insurance company has not waived and is not waiving this provision and may

3

assert it in the future.

XI.

In addition, with regards to any claims against Intervenor for exemplary damages, Intervenor would show that the legal and factual elements necessary to impute any exemplary damages to Intervenor do not exist.

XII.

Intervenor would show unto the Court that exemplary damages are not recoverable against them for failure of the Plaintiffs to satisfy the vice principal test.

XIII.

## PLEA IN ABATEMENT

A.    In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code.  Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005).  Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.    Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.    Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

XIV.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Intervenor hereby gives

4

actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that upon final hearing hereof, that Plaintiffs not recover against Intervenor and that Intervenor go hence with its costs without delay and for such other and further relief, at law or in equity, to which Intervenor may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
        Thomas F. Nye
        State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Intervenor Companion
Commercial Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 16th day of November, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Timothy M. Hoch
Hoch Law Firm
Email: tim@hochlawfirm.com
**VIA E-FILING**

Thomas F. Nye

6